2005 ME 101

**Joseph FRUSTACI**

v.

**CITY OF SOUTH PORTLAND**

Supreme Judicial Court of Maine.

Argued: May 18, 2005.

Decided: Aug. 25, 2005.

James Haddow, Esq. (orally), Petruccel-li, Martin & Haddow, Portland, for the plaintiff.

Mark Franco, Esq. (orally), Michael Saucier, Esq., Thompson & Bowie, Port-land, for the defendant.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.*

CLIFFORD, J.

[¶ 1] The City of South Portland appeals from a judgment entered in the Superior Court (Cumberland County, *Humphrey, C.J.*) following a jury verdict in favor of Joseph Frustaci on Frustaci's claims for statutory damages pursuant to 23 M.R.S.A. § 3029 (1992) based on the City's discontinuance of two roads that abutted his property. The City contends that Frustaci's claim for statutory damages is precluded by the Superior Court's prior conclusion that Frustaci suffered no physical or regulatory taking as a result of the discontinuances. The City also contends that the court improperly excluded evidence regarding Frustaci's mitigation of damages and erred in its instruction to the

* Justice Paul L. Rudman sat at oral argument and participated in the initial conference, but retired before this opinion was adopted.

jury. We discern no error and affirm the judgment.

## I. BACKGROUND

[¶ 2] Frustaci owns a parcel of property located in Cape Elizabeth that abuts the South Portland boundary. Pursuant to 23 M.R.S.A. § 3026 (1992), the City of South Portland discontinued two public roads, Charlotte Street and Edgewood Road, both of which terminated at the boundary of Frustaci's property. The City did not award Frustaci any damages for the discontinuances. Following the discontinuances, Frustaci filed two complaints, later consolidated, in the Superior Court pursuant to M.R. Civ. P. 80B, and also alleged federal and State constitutional claims and State statutory causes of action including, *inter alia,* claims that the discontinuances amounted to unconstitutional takings and claims for statutory damages pursuant to 23 M.R.S.A. § 3029.

[¶ 3] Based on Frustaci's federal claims, the City removed the case to the United States District Court for the District of Maine. That Court (*Hornby, J.*) affirmed the recommended decision of the Magistrate Judge (*Cohen, J.*) dismissing the federal claims and remanding the case back to the Superior Court. The Superior Court affirmed the City's discontinuance orders and entered a judgment in favor of the City on all of Frustaci's remaining claims except the statutory damages claims as to both roads and the inverse condemnation claim as to Edgewood Road. In its decision, the court determined that Frustaci had suffered neither a physical nor a regulatory taking as a result of the City's discontinuance of the roads. The City then moved to dismiss the remaining claims on the ground that they were precluded by the court's prior determination that Frustaci had suffered no taking. The court granted the City's motion to dismiss as to the inverse condemnation claim, but denied the motion as to the statutory damages claims.

[¶ 4] The parties proceeded to trial on Frustaci's statutory damages claims brought pursuant to section 3029. Prior to trial, and following motions in limine filed by both parties, the court ruled that it would admit evidence regarding Frustaci's mitigation of damages as it applied to the value of the property "immediately before and immediately after the discontinuance," but excluded evidence regarding Frustaci's later development of his property. Following a jury trial in September of 2004, at which Frustaci was awarded statutory damages of $380,000, the City filed this appeal.

## II. DISCUSSION

### A. Statutory Damages

[¶ 5] The City contends that the court's finding that Frustaci suffered no physical or regulatory taking as a result of the City's discontinuance of Charlotte Street and Edgewood Road necessarily precludes an award of statutory damages pursuant to section 3029, and that the court was thus required as a matter of law to dismiss Frustaci's statutory damages claims as to both roads. Generally, we review the trial court's disposition of a motion to dismiss by examining the plaintiff's complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n,* 2004 ME 20, ¶ 7, 843 A.2d 43, 46–47 (quotation marks omitted). The issue raised requires us to interpret the scope and applicability of a statute. Our review of the trial court's construction of a statute is de novo. *Commerce Bank & Trust Co. v. Dworman,* 2004 ME 142, ¶ 7, 861 A.2d 662, 665.

[¶ 6] The City discontinued Charlotte Street and Edgewood Road pursuant to 23 M.R.S.A. § 3026, which provides, in pertinent part:

> 1. General procedures. A municipality may terminate in whole or in part any interests held by it for highway purposes. A municipality may discontinue a town way or public easement after the municipal officers have given best practicable notice to all abutting property owners and the municipal planning board or office and have filed an order of discontinuance with the municipal clerk that specifies the location of the way, the names of abutting property owners and the *amount of damages, if any, determined by the municipal officers to be paid to each abutter.*

23 M.R.S.A. § 3026 (emphasis added). Thus, section 3026 provides for damages to be awarded to abutters who have been harmed by the discontinuance of a road. The City does not challenge Frustaci's status as an abutter.

[¶ 7] Section 3029 further authorizes such an abutter, who is awarded no damages or inadequate damages by the municipality pursuant to section 3026, to seek redress in the Superior Court:

> Any person aggrieved by the determination of the damages awarded to owners of property or interests therein under this chapter may, within 60 days after the day of *taking,* appeal to the Superior Court in the county where the property lies. The court shall determine damages by a verdict of its jury or, if all parties agree, by the court without a jury or by a referee or referees and *shall render judgment for just compensation,* with interest where such is due, and for costs in favor of the party entitled thereto.

23 M.R.S.A. § 3029 (emphasis added). Frustaci sought damages pursuant to section 3029 after being awarded no damages by the City when it discontinued the two roads.

[¶ 8] The City contends that relief pursuant to section 3029 is available *only* in cases in which a taking of *constitutional* significance has occurred, and that because the court determined that Frustaci suffered no such taking, he was not entitled to any statutory damages for the discontinuance of the two roads. The City argues that the "taking" and "just compensation" language in section 3029 is based on language found in both the Federal and Maine Constitutions. The United States Constitution provides, "nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V. Similarly, the Maine Constitution provides that "[p]rivate property shall not be taken for public uses without just compensation; nor unless the public exigencies require it." ME. CONST. art. 1, § 21.

[¶ 9] We disagree with the City's contention. Although section 3029 employs the terms "taking" and "just compensation," there is no other indication either in section 3026 or in section 3029 that a taking of constitutional significance is *required* for an award of damages, and indeed, when viewed in the context of the statutory scheme, the contrary construction is compelled. The statutory scheme of which section 3029 is a part supports the conclusion that the intent of the Legislature was that section 3029 damages be available to an abutter of a discontinued road even when the injury does *not* rise to the level of a constitutional taking. *See Blanchard v. Dep't of Transp.,* 2002 ME 96, ¶ 21, 798 A.2d 1119, 1125 (noting that the "terms of a statute will be given a meaning consistent with the overall statutory context and construed in light of the subject matter, the occasion and necessity for the law, and consequences of a particular interpretation").

■ [¶ 10] Because "just compensation" pursuant to section 3029 depends, first, on the municipality's award of damages pursuant to section 3026, or some other section of chapter 304, section 3029 essentially provides a subsequent procedure that allows for a de novo determination of damages. Section 3026, the underlying authority for the award of damages in this case involving road discontinuances, contains neither the word "taking" nor the phrase "just compensation," and does not implicate a takings analysis. As the Superior Court aptly noted, although a constitutional taking requires payment of compensation when the landowner is deprived of all practical value of his or her property, there is no such limitation on the award of damages pursuant to section 3026, which may be awarded for the discontinuance of a road merely to the extent that an abutter is harmed by the discontinuance. It would be an anomaly if, following a discontinuance pursuant to section 3026, damages could be awarded by the municipality to an abutter for harm that did not rise to the level of a taking, but a damage award could be sought in the Superior Court pursuant to section 3029 only when the municipality's discontinuance action amounted to a constitutional taking, i.e., when the discontinuance stripped the abutting property of *"all practical value."* [1] *Wyer v. Bd. of Envtl. Prot.*, 2000 ME 45, ¶ 1, 747 A.2d 192, 193–94. We decline to import a constitutional takings analysis into section 3026, which is otherwise devoid of any taking references, constitutional or otherwise, because such a construction would be contrary to the letter and spirit of section 3026. The language and context of section 3026 indicate that an action seeking damages pursuant to section 3029 is not limited to cases in which there has been a taking of constitutional dimensions.

[¶ 11] Moreover, contrary to the City's contention, section 3029 is not "merely a procedural vehicle for a cause of action seeking just compensation [when] discontinuation of a town way results in a 'taking.'" Section 3029 provides the authority for any landowner harmed by government action discussed in *any* provision in chapter 304 to seek a de novo determination of the entitlement to and appropriate amount of damages in the Superior Court following a municipality's administrative decision, including eminent domain cases, *see* 23 M.R.S.A. § 3023 (1992). This application of section 3029 is not limited to eminent domain proceedings, however, but instead allows damages to be sought in the Superior Court from the many assorted government actions mentioned in chapter 304 that may involve no taking of constitutional significance, including the discontinuance or abandonment of town ways and the vacation of proposed town ways. *See* 23 M.R.S.A. §§ 3026, 3027, 3028 (1992).

[¶ 12] Further, causes of action for constitutional takings, including both inverse condemnation claims and those challenging a municipality's exercise of eminent domain, may be brought directly and independently of section 3029. *See, e.g., Larrabee v. Town of Knox*, 2000 ME 15, ¶ 4, 744 A.2d 544, 545; *Fitzgerald v. City of Bangor*, 1999 ME 50, ¶ 7, 726 A.2d 1253, 1254–55. Indeed, Frustaci's own complaint asserted both takings and inverse condemnation claims independent from his claims for statutory damages pursuant to section 3029. If the damages provisions of

---

1. "The proper procedure for analyzing [Constitutional] taking questions is to determine the value of the property at the time of the governmental restriction and compare that with its value afterwards, to determine whether the diminution, if any, is so substantial as to strip the property of all practical value." *Wyer v. Bd. of Envtl. Prot.*, 2000 ME 45, ¶ 1, 747 A.2d 192, 193–94 (quotation marks omitted).

sections 3026 and 3029 were applicable only when a taking of constitutional significance occurred, then those provisions would not be needed because any party who suffered a taking of constitutional significance could bring a cause of action for a taking without the need to invoke sections 3026 or 3029. Likewise, a party who did *not* suffer a taking of constitutional significance could not invoke sections 3026 and 3029, and those sections would have little application. *See, e.g., Finks v. Me. State Highway Comm'n*, 328 A.2d 791, 799 (Me. 1974) ("In the construction of a statute, nothing should be treated as surplusage, if a reasonable interpretation supplying meaning and force is possible."). We have found nothing in the legislative history of sections 3026 or 3029, or in any prior case law, to support the conclusion that damages awarded pursuant to section 3029 are available only in matters involving constitutional takings. Damages pursuant to sections 3026 and 3029 are available if harm is proven, but proof of a constitutional taking is not essential.

### B. Mitigation of Damages

[¶ 13] The City also contends that the trial court erred in excluding evidence regarding Frustaci's subsequent development of a nineteen-lot subdivision on his property, which used an alternative means of access following the City's discontinuance of the two roads. That project is more substantial than the fifteen-lot subdivision Frustaci was precluded from developing as a result of the discontinuance of the two South Portland roads. "We review trial court determinations of relevancy of evidence questions for clear error, and we review the ultimate decision to admit or exclude evidence, subject to other challenges, for a sustainable exercise of discretion." *Coyne v. Peace*, 2004 ME 150, ¶ 13, 863 A.2d 885, 889–90.

[¶ 14] The trial court, however, did not preclude the City from offering *any* evidence regarding mitigation of damages. The court merely limited the scope of relevant damages to that period immediately preceding and immediately following the road discontinuances. Frustaci's subsequent development of his present nineteen-lot subdivision occurred in 2004, several years after the two road discontinuances, and only after Frustaci purchased another piece of property. The City was *not* prevented from presenting evidence as to the value of Frustaci's property immediately following the road discontinuances, including the potential of the property for further development, but no such evidence was presented. The court committed no error in limiting the time frame for mitigation of damages to the relevant period of immediately before and after the discontinuances.

### C. Jury Instructions

[¶ 15] The City further contends that the court erred in failing to instruct the jury that the existence of an alternative means of accessing Frustaci's property precluded an award of damages for the discontinuances. We review the trial court's denial of a requested jury instruction for prejudicial error. *Lee v. Scotia Prince Cruises Ltd.*, 2003 ME 78, ¶ 15, 828 A.2d 210, 214. "Jury instructions are reviewed in their entirety to determine whether they fairly and correctly apprised the jury in all necessary respects of the governing law." *Id.* (quotation marks omitted). Further:

> [o]n appellate review, a party can demonstrate entitlement to a requested instruction only where the instruction was requested and not given by the court and it: (1) states the law correctly; (2) is generated by the evidence in the case; (3) is not misleading or confusing; and (4) is not otherwise sufficiently covered in the court's instructions.

*Clewley v. Whitney,* 2002 ME 61, ¶ 8, 794 A.2d 87, 90.

[¶ 16] No prejudicial error is apparent from the court's instruction. The jury heard evidence regarding the existence of an alternative means of accessing Frustaci's property, and was instructed that a landowner is not entitled to a particular form of access, but only to a "suitable or reasonable means of access." Finally, nothing in sections 3026 and 3029 limits the availability of damages for the discontinuance of a road to circumstances in which such discontinuance takes away all access to the landowner's property.

The entry is:

Judgment affirmed.