STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-07-182
TDW-CUM- 2/8/2008

DEBRA SAMPSON, et al.,

Plaintiffs,

v.

CITY OF SOUTH PORTLAND,

Defendant.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

SEP 15 2008

Before the court is plaintiffs' motion for a preliminary and permanent injunction enjoining the City of South Portland from interfering with plaintiffs' use of Edgewood Road.

Plaintiffs originally filed this action on July 6, 2007 along with a request for a temporary restraining order to prevent the City from physically blocking Edgewood Road. The City acknowledged that it intended to block the road but was willing to postpone action until this case could be heard. By agreement of the parties, the hearing on plaintiffs' request for a preliminary injunction was thereafter combined with the hearing on whether plaintiffs would be entitled to a permanent injunction on Count I of this complaint.[1] The facts are essentially undisputed.

## FACTS

Plaintiffs Christopher and Joyce Boulos and Debra Sampson own property on Edgewood Road in Cape Elizabeth very close to the South Portland town line. Originally plaintiffs' properties could only be accessed through South Portland.

---

[1] Count I of plaintiffs' complaint seeks a declaratory judgment that plaintiffs have permanent easement rights over Edgewood Road.

Edgewood Road was originally created in the 1950s as part of the Dana Park Subdivision in South Portland and terminated at the Cape Elizabeth town line. Subsequently, a private way (the Edgewood Road Extension) was developed to extend Edgewood Road into Cape Elizabeth to access the house lots now owned by the Sampson and Bouloses. At that time there was no road access to the Sampson or Boulos lots through Cape Elizabeth; the only way to reach those lots was via Edgewood Road in South Portland.

During the 1990s developer Joseph Frustaci purchased a 20-acre parcel in Cape Elizabeth that included the Edgewood Road Extension. He thereafter proposed to build a subdivision in Cape Elizabeth that would have connected to Edgewood Road in South Portland. This proposal was opposed by residents of South Portland, and in late 2000 the City of South Portland considered various plans to discontinue the last 25 feet of Edgewood Road (thereby severing Edgewood Road short of the Cape Elizabeth town line and preventing its use for access to the Frustaci subdivision). However, this would have simultaneously landlocked the Boulos and Sampson lots by depriving them of any road access.

What the City of South Portland ultimately decided to do was to discontinue the last 25 feet of Edgewood Road, accept deeds conveying the discontinued portion of Edgewood Road to the City, and grant access easements over the discontinued portion of Edgewood Road to the owners of the Sampson and Boulos lots.

On December 18, 2000, the South Portland City Council took two actions. In Order 85-00/01 (Exhibit 9 to Joint Stipulation) it discontinued the final 25 feet of Edgewood Road, stating that the City retained an access easement for vehicular and pedestrian access for the benefit of 59 Edgewood Road (the Sampson Lot) and 60 Edgewood Road (the Boulos Lot), both in Cape Elizabeth. On the same day, in Order

2

89-00/01 (Exhibit 10 to Joint Stipulation) the Council authorized the City Manager to accept deeds from the abutting landowners to the discontinued portion of the road and further authorized the City Manager to execute and deliver easement deeds granting access across the discontinued portion of the road to 59 Edgewood Road and 60 Edgewood Road.

The City does not dispute that the owners of the Sampson and Boulos properties relied upon the access easements promised by the City in not opposing or appealing the discontinuance of Edgewood Road and in not seeking damages for the discontinuance.[2] Moreover, plaintiffs Sampson and Boulos have in fact continued to access their properties by traveling through South Portland over Edgewood Road from 2000 to the present.

As planned, the City accepted deeds conveying the fee interest in the discontinued portion of Edgewood Road. However, the City never got around to delivering easement deeds to the owners of the Sampson and Boulos lots.

Frustaci subsequently developed a subdivision in Cape Elizabeth that had separate road access through Cape Elizabeth. One of his subdivision roads connected to the end of the Edgewood Road Extension. As a result, the owners of the Boulos and Sampson lots can now access their properties from both Cape Elizabeth and South Portland. In addition, other residents of the Frustaci subdivision can, as a practical matter, drive to and from their properties over Edgewood Road through South Portland.

South Portland residents thereafter began to complain about traffic from the Frustaci subdivision over Edgewood Road. As a result, the South Portland City Council

---

[2] The discontinuance, however, led to several lawsuits between the City of South Portland and developer Frustaci. *See, e.g., Frustaci v. City of South Portland*, 2005 ME 101, 879 A.2d 1001.

3

again began to consider whether it could physically close off Edgewood Road or limit access solely to the Sampson and Boulos lots. In May 2006 the City's counsel wrote to Sampson and the Bouloses offering to purchase their easement rights for $3,200. In other communications the City (apparently unaware that no easement deeds had ever been delivered) also stated that 59 and 60 Edgewood Road "have private easements which were granted to them at the time of [the 2000] discontinuance." Exhibit 17 to Joint Stipulation. *See* Joint Stipulation ¶ 50.

At a City Council workshop on November 27, 2006, two options were discussed (1) to dead end Edgewood Road at the Cape Elizabeth town line and take the easement rights of Sampson and the Bouloses by eminent domain or (2) to install a speed table on the town line as a traffic-calming device. A third option – an amendment to Order 85-00/01 purporting "to eliminate the rights of vehicular and pedestrian access reserved for 59 Edgewood and 60 Edgewood" – was on the City Council's agenda on December 4, 2006. The City Council voted to adopt this third option, and a public hearing on this proposal was then scheduled.

On January 22, 2007, notwithstanding the vote it had taken on December 4, 2006, the City Council held a workshop to consider an alternative proposal to slow traffic along Edgewood Road by placing a vegetative traffic island at the South Portland – Cape Elizabeth border. Exhibits 21A and 21B to Joint Stipulation.

On February 21, 2007 the City Council voted to reject the traffic-calming plan and voted to approve an amendment to the 2000 discontinuance order by deleting any reference to retaining an access easement for the benefit of 59 Edgewood Road and 60 Edgewood Road. Exhibit 22C to Joint Stipulation. On March 21, 2007 counsel for plaintiffs wrote to the City demanding that the City issue the easement deeds referred to in Order 89-00/01. At that time the City apparently first discovered that the

4

easement deeds had never been drafted or delivered.[3] On April 2, 2007 counsel for plaintiffs again wrote to the City, noting that the City attorney had stated that the failure to draft or deliver the easements had been an "administrative oversight" and requesting that the oversight be corrected.

On May 10, 2007 the attorney for the City emailed the Bouloses, declining to issue easement deeds based on the City's Council's action in February. Exhibit 28 to Joint Stipulation.

This action was filed on July 6, 2007.

## DISCUSSION

This dispute turns on whether the plaintiffs were obligated to seek review under Rule 80B of either (1) the City Council's February 21, 2007 amendment of Order 85-00/01 or (2) the subsequent refusal by the City – communicated on May 10, 2007 – to provide the easement deeds requested by plaintiffs in March. If plaintiffs' exclusive remedy lies under Rule 80B, this action is barred because it was not filed within 30 days of any of the above actions. *See* M.R.Civ.P. 80B(b).[4]

On the other hand, if Rule 80B did not constitute plaintiffs' exclusive avenue for relief, the court would find that plaintiffs have a meritorious promissory estoppel argument in that the City's promise to provide them with an easement induced them to forbear from challenging the 2000 discontinuance or seeking damages at that time. *See,*

---

[3] It appears that the plaintiffs had looked for and been unable to find any such deeds shortly before that. *See* Exhibit 25 to Joint Stipulation.

[4] To the extent that it can be argued that the 60 day time limit under 23 M.R.S. § 3029 would have applied to any appeal from the City's failure to award damages to plaintiffs when it amended the 2000 discontinuance order in February 2007, plaintiffs also did not file suit within that deadline. However, because the February 2007 amendment to the discontinuance order did not affect plaintiffs' private easement rights as discussed below, the court concludes that 23 M.R.S. § 3029 is not applicable here.

*e.g., Cottle Enterprises v. Town of Farmington,* 1997 ME 78 ¶ 17 at n.6, 693 A.2d 330, 335-356 at n.6; Restatement 2d Contracts § 90(1).[5]

In the court's view, plaintiffs' claim for relief here is not a claim as to which their exclusive remedy lay under Rule 80B. First, the parties agree that the discontinuance of a public road does not effect private easements. As a result, the City Council's amendment of its discontinuation order did not legally terminate any private easement rights (or any equitable claims to private easement rights) possessed by the plaintiffs. Since plaintiffs' rights were not legally affected by the City Council's February 21, 2007 amendment of its December 18, 2000 discontinuance order, plaintiffs were not obligated to seek Rule 80B review of that action.

The discontinuance of Edgewood Road did not in and of itself create any private easement for the benefit of plaintiffs. It was the City's accompanying promises and assurances (repeated at late as mid-2006, *see* Joint Stipulation Exhibits 17 and 18) that easements would be or had been given that are the source of plaintiffs' rights here. In refusing to honor those promises and assurances and in preparing to take action to physically block plaintiffs' access to Edgewood Road, the City is not acting in a quasi-judicial capacity and Rule 80B does not apply. *Lyons v. Board of School Administrative District No. 43,* 503 A.2d 233, 236 (Me. 1986).

With or without the amendment to the December 2000 discontinuance order, the fundamental issue in this case remains – whether the City can promise an easement and then renege on that promise. As a result, this case falls within a small category of cases carved out by the Law Court where parties challenging governmental conduct are not required to proceed under Rule 80B. That category consists of cases involving "a

---

[5] For this reason the court does not need to reach plaintiffs' theory that they also had vested rights in the easements.

complex course of executive and legislative conduct by governmental officials as to which a remedy is impossible through . . . subsequent direct judicial review." *York County Board of Realtors v. York County Commissioners*, 634 A.2d 958, 960 (Me. 1993), *quoting Fisher v. Dame*, 433 A.2d 366, 374 (Me. 1981).

This case presents such a complex course of executive and legislative conduct, and simply obtaining judicial review of the City Council's February 21, 2007 action would not provide plaintiffs with a remedy. This is because plaintiffs' claims are not based on the City's February 21, 2007 amendment but on a course of conduct and promises extending back to December 2000. As to those contractual and equitable claims, Rule 80B is not applicable.

Put another way, if a city council were to vote not to honor a city contract or a city official were to formally decline to perform a contractual obligation, would the city be entitled to argue that the contractor's sole remedy lies under Rule 80B? If the answer is no, the court does not see a significant distinction in this case. Moreover, balancing the equities in this case, the court concludes that any fault or inaction by plaintiffs – in failing to sue for delivery of the easement deeds at an earlier point – is outweighed by the inequity of the City's position. If plaintiffs had no alternative access, the court cannot imagine the City would contemplate sealing off Edgewood Road. The fact that alternative access is now available may affect the value and the importance of the Edgewood Road easement to plaintiffs, but it does not affect whether plaintiffs have such an easement.

The City in fact argues that, because plaintiffs now have access to their properties through Cape Elizabeth (via Blueberry Road), the value of plaintiffs' easement rights over Edgewood Road is nonexistent. This may or may not be correct, but the way to test that proposition is for the City to use its power of eminent domain to acquire

7

plaintiffs' easement rights. If the City is correct and those rights have minimal economic value or no economic value,[6] then the City will not be required to provide much or any just compensation. If the City is wrong, then the plaintiffs will be entitled to appropriate compensation for the loss of their easement rights.

The entry shall be:

Plaintiffs' motion for a preliminary and permanent injunction is granted and the City is enjoined from taking action to physically block plaintiffs' vehicular access to Edgewood Road. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:      February _8_ , 2008

_____
Thomas D. Warren
Justice, Superior Court

---

[6] Obviously those easement rights have some utility or value in the eyes of plaintiffs or this action would not have been brought. In addition, testimony was offered before the South Portland City Council that on one occasion emergency access from Cape Elizabeth through Edgewood Road had been necessary to save a life. Stipulation ¶ 42.

8

JOHN WALL III ESQ
PO BOX 7046
PORTLAND ME 04112

*Defendant*
*C. E.*

BRUCE MCGLAUFLIN ESQ
PO BOX 17555
PORTLAND ME 04112

*Plaintiff*

OF COURTS
rland County
Box 287
aine 04112-0287

MARY KAHL ESQ
PO BOX 9422
SOUTH PORTLAND ME 04116

*Defendant*
*S. P.*