2012 ME 38

**The TRAVELERS INDEMNITY COMPANY**

v.

**Michael A. BRYANT et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 15, 2012.

Decided: March 22, 2012.

**1268**

John R. Veilleux, Esq., and Matthew T. Mehalic, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for appellants Francis and Donna Latanowich.

Laurence H. Leavitt, Esq., and Jonathan M. Dunitz, Esq. (orally), Friedman Gaythwaite Wolf Leavitt, Portland, on the briefs, for appellee The Travelers Indemnity Company.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Michael A. Bryant, an owner and employee of Prime Cut Meat Market, assaulted another motorist in an apparent incident of road rage. Prime Cut and its employees were insured by a policy issued by The Travelers Indemnity Company. The motorist and his wife appeal from the Superior Court's (Cumberland County, *Mills, J.*) entry of summary judgment in favor of Travelers on its complaint for a declaratory judgment as to its duty to indemnify Bryant pursuant to the policy. They contend that the court erred in determining that Travelers had no duty to indemnify Bryant. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The following facts are not in dispute on summary judgment. On September 3, 2007, Bryant was traveling from a campground with his son, in a truck that he owned, on Route 85 near Raymond. The side of the truck was emblazoned with decals that said either "Prime Cut Meat Market" or "Meat Market." Bryant was co-owner of Prime Cut and was sometimes paid by the business as an hourly employee. Bryant purchased the truck before his involvement with Prime Cut, and the truck was registered in his name. Prime Cut did not pay or reimburse Bryant for the decals on his truck, nor did Prime Cut pay for the truck's loan payments, gas, or maintenance.

[¶ 3] While stopped at a traffic light on Route 85, Bryant exited his truck and approached the driver's side of Francis Latanowich's vehicle, which was stopped just ahead of Bryant's vehicle at an intersection. Bryant struck Latanowich repeatedly in the head and chest[1] because he "wanted [him] to know" that his driving had put other drivers, including Bryant, at risk. In Bryant's own words, he took "it upon [himself] to try to set [Latanowich] straight."

[¶ 4] Latanowich and his wife, Donna, sued Bryant, Prime Cut, and their own automobile insurance carrier, Commerce Insurance Company, for, among other things, assault and battery, false imprisonment, negligence and negligent infliction of

---

1. The Latanowiches denied this fact in their opposition to Travelers's statement of material facts because Travelers cited the incorrect paragraph of the Latanowiches' amended tort complaint.

emotional distress.[2] Prime Cut successfully moved for summary judgment, and the Latanowiches stipulated to a partial dismissal with Commerce Insurance Company. The Latanowiches and Bryant agreed to a settlement that included Bryant assigning all of his rights related to potential insurance coverage to the Latanowiches.

[¶ 5] On July 23, 2010, Travelers filed a complaint against Bryant and the Latanowiches seeking a declaratory judgment that it had no duty to indemnify Bryant for claims arising from the altercation because Bryant was not an insured under its policy issued to Prime Cut for purposes of that conduct. Travelers moved for summary judgment on its complaint. The parties disputed only whether Bryant was leaving the campground to go to Prime Cut to check on the store's freezers and the extent to which Bryant used his truck for work associated with Prime Cut.

[¶ 6] At the time of the incident, Prime Cut had a Store Pac Custom Insurance Policy with Travelers. The declarations page of the policy indicates that Prime Cut's business form is a partnership. The policy states:

**SECTION II—WHO IS AN INSURED**

1. If you are designated in the Declarations as:

. . .

b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, *but only with respect to the conduct of your business.*

. . .

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), *but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business . . . .*

(Emphasis added.)

[¶ 7] The court concluded that the policy language did not cover the incident, and it granted Travelers's motion for summary judgment. The Latanowiches appeal.

## II. DISCUSSION

### A. Standard of Review

[¶ 8] We review the entry of a summary judgment de novo. *Kondaur Capital Corp. v. Hankins,* 2011 ME 82, ¶ 17, 25 A.3d 960. We will uphold the summary judgment if, viewing the record in the light most favorable to the Latanowiches, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *State v. Thompson,* 2008 ME 166, ¶ 7, 958 A.2d 887. We review de novo whether the trial court made any errors of law in interpreting coverage under the insurance policy. *See Pelkey v. Gen. Elec. Capital Assurance Co.,* 2002 ME 142, ¶ 10, 804 A.2d 385.

[¶ 9] Unambiguous contract language must be interpreted according to its plain meaning. *Cookson v. Liberty Mut. Fire Ins. Co.,* 2012 ME 7, ¶ 8, 34 A.3d 1156. "Any ambiguity in an insurance contract is construed strictly against the insurer and liberally in favor of the insured." *Pelkey,* 2002 ME 142, ¶ 10, 804 A.2d 385 (quotation marks omitted). "A

---

**2.** *See Latanowich v. Bryant et al.,* 2010 Me.Super. LEXIS 56 (May 13, 2010).

provision of an insurance contract is ambiguous if it is reasonably susceptible of different interpretations or if any ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought." *City of S. Portland v. Me. Mun. Ass'n*, 2008 ME 128, ¶ 7, 953 A.2d 1128 (quotation marks omitted).

B. Policy Language

[¶ 10] The court did not err in concluding, based on the plain language of the policy, that Bryant was not insured either as a partner or as an employee of Prime Cut when he exited his truck at a traffic light and assaulted Latanowich. Coverage for partners is provided "only with respect to the conduct of your business," and employees are covered only for "acts within the scope of their employment . . . or while performing duties related to the conduct of your business."

█ [¶ 11] Because his assault of Latanowich was not in "respect to the conduct" of Prime Cut's business, Bryant was not insured as a partner when he assaulted another motorist. Whether or not Bryant was en route to Prime Cut, his actions in assaulting Latanowich were not taken "with respect to the conduct" of the meat market's business. *See Thompson*, 2008 ME 166, ¶ 7, 958 A.2d 887.

█ [¶ 12] Similarly, Bryant's acts were not covered as those of an employee because the assault was not "within the scope of [his] employment" and did not constitute "performing duties related to the conduct" of Prime Cut's business. Neither the assault nor Bryant's motive for it were related to the conduct of Prime Cut's business or within the scope of his employment with Prime Cut. *Cf. Mahar v. StoneWood Transp.*, 2003 ME 63, ¶ 17, 823 A.2d 540 (holding that a truck driver's assault and threatening of a family was

outside the scope of his employment because he "was not authorized to leave his truck to assault the [family], nor was he authorized to follow up the assault by harassing them on the highway [and his] . . . motive for assaulting and harassing the [family] was unrelated to any interest of [the employer]"). Rather, Bryant took "it upon [himself] to try to set [Latanowich] straight." An ordinary person would not think that the policy's language would cover his assault of another motorist, especially where the employee was off the clock and returning from a personal camping trip, and where the employee exited his vehicle in the middle of the road to "set [another driver] straight," notwithstanding that the employee's independently owned and maintained vehicle was marked with the name of his employer and that he was on his way to the employer's premises. *See City of S. Portland*, 2008 ME 128, ¶ 7, 953 A.2d 1128.

[¶ 13] Pursuant to the unambiguous language of the policy, the court correctly concluded that Bryant's assault of Latanowich was not covered by the policy and properly entered summary judgment.

The entry is:

Judgment affirmed.