MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2024 ME 28
Docket:         Cum-23-228
Argued:         February 7, 2024
Decided:        April 18, 2024

Panel:          STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

MMG INSURANCE COMPANY

v.

ESTATE OF PHILIP J. GREENLAW et al.


LAWRENCE, J.

[¶1]  Jodi Greenlaw, individually and as personal representative of the estate of her late husband Philip J. Greenlaw (collectively, the Estate),[1] appeals from a judgment of the Superior Court (Cumberland County, *O'Neil, J.*) granting a motion for summary judgment filed by MMG Insurance Company (MMG) on MMG's complaint.  MMG's complaint sought a declaratory judgment that it had no duty to indemnify Joseph McNeely, a close friend of Greenlaw, in a separate wrongful death action that the Estate filed against McNeely after Greenlaw's death.

---

[1]  To match the language used in the judgment and in the parties' filings and briefs, we refer to Philip J. Greenlaw as "Greenlaw."  We refer to Jodi Greenlaw individually as "Jodi."

[¶2]   In granting MMG's motion for summary judgment, the court determined that McNeely was not covered as an insured under MMG's businessowners insurance policy because McNeely's actions while wrestling with Greenlaw were not "with respect to the conduct of" McNeely's landscaping business.   On appeal, the Estate contends that there are triable issues of fact regarding "whether Greenlaw's death occurred with respect to the conduct of McNeely's business."   We disagree and affirm the court's judgment.

## I.  BACKGROUND

### A.    Facts

[¶3]  "The following facts are drawn from the summary judgment record and . . . are not disputed by the parties."  *Atkins v. Adams*, 2023 ME 59, ¶ 2, 301 A.3d 802.

[¶4]  In 2019, McNeely operated, as sole owner, a landscaping business called Cutter's Edge Lawn Maintenance.   MMG issued a businessowners insurance policy providing both property and liability coverage to McNeely, effective from May 1, 2019, to May 1, 2020 (the MMG Policy).   The MMG Policy's declarations designate "the form of McNeely's business as '[I]ndividual.'"

[¶5]  McNeely had discussed with Greenlaw, his close friend, measuring and providing a proposal to hydroseed Greenlaw's backyard.  On May 20, 2019,

Greenlaw hosted "an informal social group" of men at his house. The group "met year-round on Monday evenings to share their enthusiasm for motorcycles by eating, drinking, telling stories, and taking a ride together if the weather permitted." The group also "discussed business-related topics" and "engaged in frequent business dealings." McNeely attended these meetings when he could. On May 20, McNeely arrived at Greenlaw's house around 6:00 p.m. McNeely came in his work truck, wearing his work clothes, and brought his work equipment to prepare an estimate for Greenlaw.

[¶6] McNeely and Greenlaw went to the backyard, where McNeely measured and provided pricing for the project. Greenlaw said he planned to think about the project and would get back to McNeely about it.

[¶7] After the measuring and discussion, McNeely joined the group. McNeely discussed his landscaping business with multiple people attending the gathering. At around 8:00 p.m., Jodi returned home, and the men, including McNeely and Greenlaw, "were 'inebriated.'" After 10:00 p.m., Jodi asked how the measuring for the hydroseeding went, and either McNeely or Greenlaw told her about the project's progress. "Late in the evening," while "sitting and gabbing," Greenlaw initiated a wrestling match with McNeely. During the

4

wrestling bout, McNeely put Greenlaw in a chokehold, and Greenlaw lost consciousness and died soon after, despite McNeely's efforts to revive him.

[¶8] Pursuant to the MMG Policy, MMG "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies."[2]  The MMG Policy defines an "insured" as anyone "designated in the Declarations" as an "individual . . . but *only with respect to the conduct of a business* of which [the named insured is] the sole owner."  (Emphasis added.)

## B.    Procedural History

[¶9]  On May 6, 2022, MMG filed a complaint against the Estate.  MMG alleged, inter alia, that the Estate had filed a wrongful death action against McNeely and that McNeely had entered into a settlement agreement with the Estate.  Through its complaint, MMG sought a declaratory judgment that it had no duty to indemnify McNeely in the wrongful death action.  *See* 14 M.R.S. § 5953 (2023).  MMG alleged that "[b]ecause the circumstances giving rise to Philip Greenlaw's death did not occur with respect to the conduct of McNeely's

---

[2]  The "insurance applies . . . [t]o 'bodily injury' . . . only if . . . caused by an 'occurrence,'" and the MMG Policy defines both "bodily injury" and "occurrence."

business, McNeely is not an insured under the MMG Policy." On May 13, 2022, the Estate filed its answer.

[¶10] On February 2, 2023, MMG filed a motion for summary judgment, along with exhibits and a statement of material facts in support of its motion. MMG contended that its policy "unambiguously excludes coverage" because McNeely was not conducting business at the time of Greenlaw's death. The Estate filed its opposition on March 6, 2023, along with opposing and additional statements of material fact. The Estate contended that summary judgment was inappropriate because "there are just as many facts" showing that McNeely's conduct was covered under the MMG Policy's language and the issue of whether McNeely was acting with respect to the conduct of his business was for a fact finder to determine. On March 31, 2023, MMG filed its reply in support of its motion for summary judgment and its reply to the additional statements of material fact.[3]

[¶11] On June 8, 2023, the court entered a judgment granting MMG's motion for summary judgment. The court determined that the language "conduct of a business," though undefined in the MMG Policy, was unambiguous

---

[3] MMG stated that it "admits all of [the Estate's] responses to the other facts and all of [the Estate's] additional statements of fact."

6

and that the plain meaning "is that liability coverage is limited to times when the policy owner, McNeely, is acting with respect to the conduct of his landscaping business." The court concluded that there were "no genuine issues of material fact" regarding what happened on May 20, 2019, and that "[t]he question of whether those events are covered by an unambiguous insurance policy is a question of law." The court held that McNeely was not an insured because "[r]egardless of [his and Greenlaw's] earlier business dealings, the wrestling itself was not business-related." The Estate timely appealed. *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶12] The Estate contends that "whether Greenlaw's death occurred with respect to the conduct of McNeely's business" is a triable issue of fact and that the court "erred by discounting the 'earlier business dealings' and the litany of other facts . . . when summarily finding that the 'wrestling *itself* was not business-related.'" Specifically, the Estate argues that "this factual determination encompasses a wide variety of factors and circumstances"; that McNeely was, inter alia, in the process of negotiating a business deal with Greenlaw, wearing business clothes, and driving his work truck; and that MMG could have drafted a policy that "unambiguously exclude[d] coverage for

recreational activities that also further legitimate business interests and objectives."

[¶13] "We review the entry of a summary judgment de novo" and "will uphold the summary judgment if, viewing the record in the light most favorable" to the nonmoving party "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Travelers Indem. Co. v. Bryant*, 2012 ME 38, ¶¶ 7-8, 38 A.3d 1267 (quotation marks omitted); *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 10, 814 A.2d 989; *see* M.R. Civ. P. 56(c). "An issue is considered genuine if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial," and "[a] fact is considered to be material if it could potentially affect the outcome of the case." *Am. Prot. Ins. Co.*, 2003 ME 6, ¶ 10, 814 A.2d 989 (quotation marks omitted).

[¶14] We also "review de novo whether the trial court made any errors of law in interpreting coverage under [an] insurance policy." *Travelers*, 2012 ME 38, ¶ 8, 38 A.3d 1267; *see Kelley v. N. E. Ins. Co.*, 2017 ME 166, ¶¶ 4, 9, 168 A.3d 779; *City of South Portland v. Me. Mun. Ass'n*, 2008 ME 128, ¶¶ 7, 11-12, 953 A.2d 1128. "A provision of an insurance contract is ambiguous if it is reasonably susceptible of different interpretations or if any ordinary person in

the shoes of the insured would not understand that the policy did not cover claims such as those brought." *Travelers*, 2012 ME 38, ¶ 9, 38 A.3d 1267 (quotation marks omitted). If an insurance contract contains an ambiguity, then that ambiguity "is construed strictly against the insurer and liberally in favor of the insured." *Id.* (quotation marks omitted). "Unambiguous contract language," however, "must be interpreted according to its plain meaning." *Id.*; *see Kelley*, 2017 ME 166, ¶¶ 5-9, 168 A.3d 779.

[¶15] The MMG Policy provision is unambiguous. The MMG Policy designates McNeely as an individual, and McNeely is thus covered as an "insured[], but only with respect to the conduct of a business of which [he is] the sole owner." Though the MMG Policy does not define "conduct of a business," the language is not ambiguous. *See Travelers*, 2012 ME 38, ¶¶ 8, 10, 13, 38 A.3d 1267 (determining that the insurance policy language was unambiguous when the policy provided coverage for partners "'only with respect to the conduct of your business,' and [for] employees . . . only . . . 'while performing duties related to the conduct of your business'"); *see also Am. Policyholders' Ins. Co. v. Kyes*, 483 A.2d 337, 340-41 (Me. 1984) (determining that the court correctly deemed unambiguous the language of a policy that

provided coverage for an "insured, '*but only with* respect to conduct of a business'").

[¶16]  Nor did the court err in determining that there was no genuine issue of material fact and that McNeely's actions while he was wrestling with Greenlaw were not "with respect to the conduct" of McNeely's landscaping business.  In an analogous case, *Travelers*, we determined that "[t]he court did not err in concluding, based on the plain language of the policy, that [an individual who was a co-owner and employee] was not insured either as a partner or as an employee . . . when he exited his truck at a traffic light and assaulted" another motorist.  2012 ME 38, ¶¶ 1-2, 10, 38 A.3d 1267.  The insurer filed a complaint "seeking a declaratory judgment that it had no duty to indemnify [the individual] for claims arising from the altercation," and it "moved for summary judgment on its complaint."  *Id.* ¶ 5.

[¶17]  The individual in *Travelers* was traveling in a truck that he owned and that bore decals advertising his business, Prime Cut Meat Market.  *Id.* ¶ 2.  The parties disputed whether the individual was traveling "to Prime Cut to check on the store's freezers and the extent to which [the individual] used his truck for work associated with Prime Cut."  *Id.* ¶ 5.  Despite this dispute, we affirmed the court's entry of summary judgment for the insurer because the

individual's "actions in assaulting [the other motorist] were not taken 'with respect to the conduct' of the meat market's business." *Id.* ¶¶ 7, 11, 13.

[¶18] In this case, although it is undisputed that earlier in the evening McNeely had, inter alia, measured Greenlaw's backyard and discussed his landscaping business with several individuals, there is no contention, as the Estate's counsel conceded at oral argument, that McNeely's actions *while wrestling* with Greenlaw were to further McNeely's business or taken with respect to the conduct of his business. Further, "[a]n ordinary person would not think that the policy's language would cover" McNeely's actions while wrestling with Greenlaw. *Id.* ¶ 12. We affirm the court's grant of summary judgment to MMG.

The entry is:

Judgment affirmed.

Walter F. McKee, Esq., and Kurt C. Peterson, Esq. (orally), McKee Law, LLC, P.A., Augusta, for appellants Estate of Philip J. Greenlaw et al.

John S. Whitman, Esq., and Carol I. Eisenberg, Esq. (orally), Richardson, Whitman, Large & Badger, Portland, for appellee MMG Insurance Company

Cumberland County Superior Court docket number CV-2022-168
FOR CLERK REFERENCE ONLY