# United States Court of Appeals
## For the First Circuit

No. 13-1809

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiff, Appellant,

v.

SUSAN MCCARTHY; GLYNIS DIXON MCCORMACK,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Lynch, Chief Judge,
Souter,[*] Associate Justice,
and Lipez, Circuit Judge.

Jeffrey T. Edwards, with whom Preti Flaherty Beliveau & Pachios, LLP was on brief, for appellant.
Michael J. Donlan, with whom Verrill Dana, LLP was on brief, for appellee Susan McCarthy.
Christopher C. Dinan and Monaghan Leahy, LLP on brief for appellee Glynis Dixon McCormack.

June 5, 2014

[*]Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**LIPEZ, Circuit Judge.** In this declaratory judgment action, the district court ruled that Metropolitan Property and Casualty Insurance Company has a duty to defend its insured, Glynis Dixon McCormack, in a lawsuit alleging that McCormack's ward sexually and physically abused a younger boy. The court rejected Metropolitan's assertion that the governing policy excludes coverage for such abuse, concluding that the facts alleged in the underlying complaint leave open the possibility that some of the alleged conduct fell outside the policy's exclusions. Having reviewed the complaint and policy with care, we agree.[1]

On appeal, Metropolitan offers three primary arguments in support of its claim that the district court erred. First, the insurer maintains that the only abuse alleged in the underlying complaint was either sexual in nature or intended to conceal sexual abuse and, hence, the alleged harmful conduct is excluded from coverage by the policy's definition of bodily injury.[2] Second, the

_____

[1] Before oral argument, we raised a question about our appellate jurisdiction because Metropolitan originally had sought a declaration that it had no duty to defend or indemnify McCormack, and the district court's order, consistently with McCormack's motion for summary judgment, addressed only the duty to defend. The district court subsequently clarified that the lawsuit as litigated did not encompass the issue of Metropolitan's duty to indemnify. Accordingly, there is no bar to our review of the judgment on the duty to defend.

[2] After defining "Bodily injury," in part, as "any physical harm to the body," the policy states:

Bodily injury does not include:

insurer argues that the abuse exclusion disallows coverage for even non-sexual physical abuse committed by any person. Finally, Metropolitan insists that the policy at least excludes coverage for non-sexual physical abuse committed by an insured, as well as harm resulting from intentional acts of an insured, and it reads the complaint to identify the perpetrator as an insured member of McCormack's household.

None of these theories is persuasive for the reasons given by the district court in its thoughtful opinion. We briefly review the court's rulings explaining Metropolitan's potential obligation to pay under the policy, thereby establishing its duty to defend. See Bucci v. Essex Ins. Co., 393 F.3d 285, 290 (1st Cir. 2005) ("[T]he insurer has a duty to defend if the underlying complaint discloses a 'potential or a possibility' for liability within the policy's coverage." (quoting Elliott v. Hanover Ins. Co., 711 A.2d 1310, 1312 (Me. 1998)); see also Mitchell v. Allstate Ins. Co., 36 A.3d 876, 879 (Me. 2011) (same). The district court's conclusion on the duty to defend is reviewed de novo. Bucci, 393 F.3d at 290.

1. As noted above, Metropolitan asserts that the complaint alleges only sexual abuse or "other" physical abuse

---

. . .

3. the actual, alleged or threatened sexual molestation of a person; . . . .

-3-

related to sexual abuse, which is excluded from coverage by the policy's definition of "bodily injury." Under the comparison test, in which the allegations in the complaint are compared with the policy provisions, "an insurer must provide a defense if there is any potential that facts ultimately proved could result in coverage." Mitchell, 36 A.3d at 879. Here, the complaint directly alleges that some of the perpetrator's acts are within the definition of "bodily injury" because the complaint includes allegations of physical abuse that are not on their face limited to physical contact related to sexual abuse. See, e.g., Compl. ¶ 9 (stating that the victim was "repeatedly sexually and otherwise physically abused" (emphasis added)), ¶ 14 (referring to "the sexual and other physical abuse and exploitation" (emphasis added)), ¶ 19 (alleging "McCormack's negligent failure to prevent this sexual and other physical and psychological abuse" (emphasis added)); ¶ 21 (alleging that on one occasion, the victim was "violently and forcefully struck" in the abdomen).

2. Metropolitan argues that, even if the bodily injury definition does not preclude coverage for all of the abuse alleged in the complaint, the policy elsewhere excludes coverage for any type of abuse inflicted by any person. However, the provision on which Metropolitan relies -- the abuse exclusion -- reasonably may be read to preclude coverage only for abuse inflicted or directed

by an <u>insured</u> rather than by <u>any</u> individual.[3]  Although the first sentence of the provision is written in general terms, the second sentence may be understood to limit the exclusion to such individuals.  See <u>Jipson</u> v. <u>Liberty Mut. Fire Ins. Co.</u>, 942 A.2d 1213, 1216 (Me. 2008) ("All parts and clauses of an insurance policy must be considered together that it may be seen if and how far one clause is explained, modified, limited or controlled by the others." (brackets omitted) (internal quotation marks omitted)); see also <u>Peerless Ins. Co.</u> v. <u>Wood</u>, 685 A.2d 1173, 1174 (Me. 1996) (stating that the language of an insurance policy is viewed "from the perspective of an average person, untrained in either the law

---

[3] The abuse provision states as follows (with bold text as it appears in the original):

> **Abuse.  We** do not cover **bodily injury** caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person.  This exclusion applies whether the **bodily injury** is inflicted by **you** or directed by **you** for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person.

The policy identifies "you" as "the policyowner," and states that the policy "insures **you** and **your** property."  The definition of "you" and "your," in relevant part, is as follows:

> **"You"** and **"your"** mean:
> 1. the person or persons named in the Declarations and if a resident of the same household:
> A. the spouse of such person or persons;
> B. the relatives of either; or
> C. any other person under the age of twenty-one in the care of any of the above . . . .

or the insurance field, in light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured").

At best for appellant the provision is ambiguous. See Cox v. Commonwealth Land Title Ins. Co., 59 A.3d 1280, 1283 (Me. 2013) ("Policy language is ambiguous if it is reasonably susceptible of different interpretations or if any ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought." (internal quotation marks omitted)). Given that ambiguity, we are obliged to adopt the reading most favorable to the insured. Mitchell, 36 A.3d at 879 ("Because the duty to defend is broad, any ambiguity in the policy regarding the insurer's duty to defend is resolved against the insurer, and policy exclusions are construed strictly against the insurer." (citations omitted)); see also Foremost Ins. Co. v. Levesque, 868 A.2d 244, 246 (Me. 2005) (stating that "[e]xclusions and exceptions in insurance policies are disfavored" and thus construed narrowly).[4] Hence, for purposes of the duty to defend, we treat the conduct of a non-insured individual as outside the scope of the abuse exclusion.

3. Having concluded that the abuse exclusion should be applied only to an insured -- i.e., anyone who qualifies as "you"

_____

[4] Defendants urge us to conclude that Metropolitan has made inconsistent alternative arguments about the meaning of the abuse exclusion and to take those arguments as evidence of ambiguity. Because we conclude that the abuse exclusion is ambiguous for the reasons already stated, we need not reach this issue.

-6-

under the policy, see supra note 3 -- we must consider whether the allegations in the complaint allow the possibility that the perpetrator is a non-insured. "You" is defined as a person who is "a resident of the same household" and a spouse, relative, or person under age 21 in the care of an insured. See id. The complaint establishes that the alleged abuser was a minor ward of McCormack, but it does not state that he resided with her. Rather, the allegations permit the inference that he, like the victim, stayed only temporarily, though repeatedly, at McCormack's home. See, e.g., Compl. ¶ 21 (stating that the older boy was "at Plaintiff's home," allowing inference that it was not also his home (emphasis added)). Given that inference, the youth would be a non-insured whose conduct would be outside the abuse exclusion under the reading of the policy we have described above. The same rationale -- i.e., that the perpetrator might not be a covered individual under the policy -- also potentially places his conduct outside the policy exclusion for intentional acts. That provision also applies only to an insured.[5]

In sum, the complaint allows inferences that McCormack's ward was not a resident of her household and alleges that he

_____

[5] The intentional loss provision states, in pertinent part (again, with bold text as it appears in the original):

> **Intentional loss**. We do not cover **bodily injury** or **property damage** which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts or omissions.

-7-

inflicted physical, non-sexual abuse on the younger boy. Under those facts, her policy would cover the resulting harm. Accordingly, Metropolitan has a duty to defend McCormack in the underlying action. We therefore affirm the district court's judgment denying summary judgment for Metropolitan and granting summary judgment for McCormack.

**So ordered.**