MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2024 ME 83
Docket:        Yor-23-413
Argued:        September 12, 2024
Decided:       December 31, 2024

Panel:         STANFILL, C.J., and MEAD, HORTON, CONNORS, and LAWRENCE, JJ.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

v.

SUSAN MCCARTHY et al.

MEAD, J.

[¶1]  The relevant facts are not disputed.  Between 2007 and 2009, Susan McCarthy's minor child ("M") spent time in the care of McCarthy's friend, Glynis McCormack, at McCormack's home.  McCormack's minor nephew and ward ("Z") also lived there.  At various times while McCormack took care of M, Z physically, sexually, and emotionally abused M.  As a result, M suffered from ongoing mental health issues.

[¶2]  McCormack was insured under a homeowner's policy issued by Metropolitan Property and Casualty Insurance Company.  As detailed below, McCarthy obtained a consent judgment against McCormack; its terms provided that McCarthy would recover a limited amount from McCormack directly and then seek to recover the remainder from Metropolitan as McCormack's insurer.

Metropolitan subsequently obtained a judgment from the Superior Court (York County, *Mulhern, J.*) declaring that it had no duty to indemnify McCormack for the consent judgment.

[¶3]   McCarthy appeals from the declaratory judgment.   M.R. App. P. 2B(c)(1).   We conclude that the trial court did not err and affirm the judgment.

## I.  BACKGROUND

### A.   McCarthy Complaint

[¶4] In May 2012, McCarthy, on behalf of herself and M, filed a complaint in the Superior Court against McCormack, individually and as guardian of Z. The complaint was later amended to allege six counts: negligence (Count 1); negligent infliction of emotional distress (Count 2); assault and battery (Count 3); intentional infliction of emotional distress (Count 4); breach of fiduciary duty (Count 5); and premises liability (Count 6).  McCarthy agrees that there is no insurance coverage for Counts 2, 3, and 4.

### B.   Metropolitan Federal Complaint

[¶5]   In May 2012, Metropolitan filed a complaint for declaratory judgment against McCormack and McCarthy in the United States District Court, asserting that it had no duty to defend or indemnify McCormack against

McCarthy's complaint because two exclusions in McCormack's homeowner's policy applied to bar coverage—an "abuse" exclusion and an "intentional loss" exclusion. *Metro. Prop. & Cas. Ins. Co. v. McCarthy*, No. 2:12-CV-151-NT, 2013 WL 12061851, at *1, 3 (D. Me. June 10, 2013). The court declared that under the facts alleged in the complaint, Metropolitan had a duty to defend McCormack and that Metropolitan "may not litigate its potential duty to indemnify McCormack before McCormack's liability is determined." *Id.* at *5. On appeal, the United States Court of Appeals for the First Circuit affirmed. *Metro. Prop. & Cas. Ins. Co. v. McCarthy*, 754 F.3d 47, 51 (1st Cir. 2014).

## C.  Consent Judgment

[¶6]  While Metropolitan's complaint for declaratory judgment was pending in the federal courts, McCarthy and McCormack entered into a settlement agreement providing that (1) judgment would be entered for McCarthy on all counts of her amended complaint in the amount of $300,000; (2) McCormack would pay McCarthy $30,000; and (3) McCarthy would not attempt to collect any further amount from McCormack personally, instead pursuing the remainder of the $300,000 judgment from Metropolitan after McCormack assigned her policy rights to McCarthy pursuant to Maine's reach

4

and apply statute, 24-A M.R.S. § 2904 (2013).[1] In December 2013, the Superior Court entered a consent judgment in accordance with the settlement agreement. Metropolitan stipulated that it had proper notice and that the settlement was reasonable and not the product of fraud or collusion. *See id.*

## D. Metropolitan Superior Court Complaint / McCarthy Counterclaim

[¶7] In November 2015, Metropolitan filed in the Superior Court the complaint for declaratory judgment that is the subject of this appeal. The complaint alleged that, for several reasons, Metropolitan had no duty to indemnify McCormack for the consent judgment, the most pertinent reason here being Metropolitan's assertion that application of the policy's "intentional loss" and "abuse" exclusions meant there was no coverage for McCarthy's claims.

[¶8] McCarthy responded with a three-count counterclaim, asserting breach of contract (Count 1); application of section 2904 to reach McCormack's coverage (Count 2); and unfair claims settlement practices (Count 3), alleging that Metropolitan "without just cause failed to effectuate a prompt, fair and

---

[1] Minor textual amendments to the statute have since been enacted. R.R. 2021, ch. 1, § B-254, correcting gender-specific language, explanation; P.L. 2023, ch. 405, § A-90 (emergency, effective July 10, 2023).

equitable settlement of [McCarthy's] claims submitted, upon which liability had become reasonably clear."

[¶9]   In July 2022, the court held a bench trial on Metropolitan's complaint and Counts 1 and 2 of McCarthy's counterclaim; trial on Count 3 of the counterclaim was scheduled to be heard separately at a later date.  In September 2022, the court entered judgment for Metropolitan on all counts of its complaint and on Counts 1 and 2 of McCarthy's counterclaim, concluding that "the bodily injuries sustained by [M] are not covered by the insurance policy under both the intentional loss and abuse exclusions, and [consequently] Metropolitan has no duty to indemnify for the Consent Judgment."

## E.    Subsequent Procedural Events

[¶10]   McCarthy moved the court for further findings and to alter or amend the judgment.  *See* M.R. Civ. P. 52(b), 59(e).  The court denied the motions, concluding that the matter was "correctly decided" and that "all necessary and appropriate factual findings ha[d] been made."

[¶11]   Metropolitan then moved to dismiss Count 3 of the counterclaim pursuant to M.R. Civ. P. 12(b)(6), asserting that the court's ruling that there was no coverage for McCarthy's claims was "in effect a determination that Metropolitan had 'just cause' in denying coverage for the Consent Judgment,"

6

and so "there is no basis in law and fact for the claim asserted . . . in Count III of [the] Counterclaim."  The court agreed and dismissed Count 3.

## II.  DISCUSSION

[¶12]  The primary issue on appeal is whether the trial court erred in construing the "intentional loss" and "abuse" exclusions in McCormack's policy to bar coverage for McCarthy's claims.[2]  "We . . . review de novo whether the trial court made any errors of law in interpreting coverage under an insurance policy."  *MMG Ins. Co. v. Estate of Greenlaw*, 2024 ME 28, ¶ 14, 314 A.3d 262 (alteration and quotation marks omitted).  In conducting that review, we apply established rules of construction:

> A provision of an insurance contract is ambiguous if it is reasonably susceptible of different interpretations or if any ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought.  If an insurance contract contains an ambiguity, then that ambiguity is construed strictly against the insurer and liberally in favor of the insured.

---

[2]  McCarthy asserts that public policy does not prohibit insurance coverage for McCormack's alleged negligence concerning Z's intentional acts of sexual abuse.  Given our conclusion that the unambiguous language of the policy excludes coverage for McCarthy's claims, we do not reach that issue. McCarthy also contends that the court abused its discretion in denying her motion for further findings of fact.  We do not find that argument persuasive and do not discuss it further.

Unambiguous contract language, however, must be interpreted according to its plain meaning.

*Id.* (citations and quotation marks omitted).

**A.      Policy Language**

[¶13]  The "intentional loss" exclusion in McCormack's policy provides,

in pertinent part:

> **Intentional Loss. We** do not cover **bodily injury** or **property damage** which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts or omissions.   This exclusion is applicable even if:
>
> A.  **you** lack the mental capacity to govern **your** conduct;
> B.   such **bodily injury** or **property damage** is of a different kind or degree than reasonably expected or intended by **you**; or
> C. such **bodily injury** or **property damage** is sustained by a different person than expected or intended by **you.**
>
> This exclusion applies regardless of whether **you** are actually charged with or convicted of a crime. . . .

[¶14]  The "abuse" exclusion in the policy provides:

> **Abuse.  We** do not cover **bodily injury** caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person. This exclusion applies whether the **bodily injury** is inflicted by **you** or directed by **you** for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person.

8

[¶15]  Concerning both policy exclusions, the term "you" is explicitly defined:

> **"You"** and **"your"** mean:
>
> 1.  the person or persons named in the Declarations and if a resident of the same household:
>
> A.  the spouse of such person or persons;
> B.  the relatives of either; or
> C.  any other person under the age of twenty-one in the care of any of the above . . . .

## B.    Analysis

[¶16]  The parties stipulated that "[Z] meets the definition of 'you' under the Metropolitan polic[y] . . . , and is an insured."  McCarthy concedes that under the plain language of the policy, Z is excluded from coverage for the abusive acts he intentionally committed against M.  McCarthy contends that the term "you" as used in the exclusions does not include McCormack, however, because it was Z, not McCormack, who abused M.

[¶17]  We agree with Metropolitan's argument and conclude that because Z, as stipulated by the parties, and McCormack, as a "person[] named in the Declarations," both fall within the policy definition of "you," Z's acts, which are excluded from coverage as to Z, are also excluded with respect to McCormack. Under the "intentional loss" exclusion, the policy plainly does not provide

coverage for bodily injury if it was intentionally committed by any person qualifying as "you." Likewise, the "abuse" exclusion removes from coverage any bodily injury "caused by or resulting from . . . sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse" inflicted by a person qualifying as "you." Because there is no dispute that Z intentionally inflicted bodily injury on M by physically, sexually, and emotionally abusing M, and because both Z and McCormack—as persons defined as "you" under the policy—are subject to the "intentional loss" and "abuse" exclusions for those acts, the court correctly determined that there is no coverage for McCarthy's claims.

[¶18] Our conclusion, grounded in the plain language of the policy, is confirmed in the policy's first clause, which states in part:

> The terms of this policy impose joint obligations on all persons defined as **you**. This means that the responsibilities, acts and failures to act of a person defined as **you** will be binding upon another person defined as **you**.

[¶19] This clause, and the other policy language we have discussed, leads to a clear result—the trial court did not err in declaring that "the bodily injuries sustained by [M] are not covered by the insurance policy under both the intentional loss and abuse exclusions, and . . . Metropolitan has no duty to

indemnify for the Consent Judgment." *See Estate of Greenlaw*, 2024 ME 28, ¶ 14, 314 A.3d 262.

The entry is:

Judgment affirmed.

---

Michael J. Donlan, Esq., and Stephen B. Segal, Esq. (orally), Verrill Dana, LLP, Portland, for appellant Susan McCarthy

Jeffrey T. Edwards, Esq. (orally), and Alexandra Harriman, Esq., Preti Flaherty Beliveau & Pachios LLP, Portland, for appellee Metropolitan Property & Casualty Insurance Company

York County Superior Court docket number CV-2015-263
FOR CLERK REFERENCE ONLY